# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY CHASE LORENZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:21 CV 533 MTS |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. On May 25, 2021, the Court ordered plaintiff to file an amended complaint within thirty (30) days. Doc. [5]. Plaintiff has failed to comply. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri. Plaintiff initiated this case on May 5, 2021 pursuant to 42 U.S.C. § 1983 against the Missouri Department of Corrections ("MDOC") and correctional officers Dennis Spradling and Unknown Downs in their official capacities only. Plaintiff alleges defendants violated his constitutional rights by engaging in inappropriate sexual contact and using excessive force.

On May 25, 2021, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and determined it was subject to dismissal. Doc. [5]. In the Order, the Court determined that his allegations against the MDOC were legally frivolous because the Eleventh Amendment bars suit against a state agency for monetary and injunctive relief, no exceptions to sovereign immunity were present in this case, and the MDOC is not a "person" for the purposes of 42 U.S.C. § 1983.

*See id.* Plaintiff's allegations against defendants Spradling and Downs were also subject to dismissal because a suit against public employees in their official capacities is merely a suit against their employer, the State of Missouri, which is not liable for damages under 42 U.S.C. § 1983. *See id.*

In consideration of plaintiff's self-represented status and the severity of his allegations, the Court directed him to file an amended complaint. The Order provided plaintiff with clear instructions on how to prepare the amended complaint, which included direction on how to bring an action against defendants in their individual capacities, and cautioned him that his failure to timely comply with the Order would result in the dismissal of his case without further notice.

Plaintiff's amended complaint was due to the Court on June 24, 2021. To date, however, he has neither complied with the Court's Order, nor sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him additional time. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with this Court's May 25, 2021 Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where *pro se* plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of July, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE